UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY FRANKS,

    Plaintiff,

v.

    Case No. 11-11968

    Hon. John Corbett O'Meara

DETROIT POLICE DEPARTMENT, *et al.,*

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTIONS TO DISMISS**

Before the court are Defendants Ronald Zajac, Deborah Wilkerson, Kenneth Howard, Myron Terrell, Glorecia Russell-Harris, and Ralph Godbee, Jr.'s motion for summary judgment and the City of Detroit, Daph Watson, Lashinda Houser, and Loletha Porter's motion to dismiss. Plaintiff has filed responses to both motions. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiff Jerry Franks filed his complaint on May 4, 2011, alleging age discrimination under federal and state law. Franks is a City of Detroit police officer. Prior to serving as a police officer, he was employed by the City of Detroit in the Department of Transportation. Franks contends that he was discriminated against because he was not allowed to combine his years of service in the General Retirement System of the City of Detroit with his years of service in the Police and Fire Retirement System of the City of Detroit. Although Franks asserts that he is entitled to an early retirement, he was informed on June 1, 2010, that the City does not agree.

Franks filed a charge of discrimination with the Equal Employment Opportunity Commission on June 24, 2010, and the EEOC mailed his right-to-sue letter on November 10, 2010.  He filed his federal complaint 169 days later, on May 4, 2011.  Defendants seek dismissal of Franks's federal claim because he did not file suit within ninety days of receiving his right-to-sue letter.  Defendants also contend that Franks's state claim is time barred.

## LAW AND ANALYSIS

In order to be timely, a claim under the Age Discrimination in Employment Act must be filed within ninety days of the plaintiff's receipt of the right-to-sue letter from the EEOC.  See 29 U.S.C. § 626(e).  Federal courts have "strictly enforced" this ninety-day limit.  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000).  See also Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

It is undisputed that Plaintiff did not file his federal suit within the ninety-day limit.  Plaintiff contends that he filed suit in state court within the ninety-day limit and that filing serves to toll the ninety-day period.  Plaintiff voluntarily dismissed his state court complaint, however.  Under these circumstances, the filing of the state court complaint does not serve to extend the ninety-day period.  See O'Donnell v. Vencor, Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (holding Title VII and ADEA claims untimely because the plaintiff filed her second complaint more than ninety days after receiving the right-to-sue letter); Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period.").

Accordingly, Plaintiff's federal age discrimination claim is untimely and must be dismissed.

In light of the dismissal of Plaintiff's federal claim, the court will decline to exercise jurisdiction over Plaintiff's Elliott-Larsen Civil Rights Act claim. See Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.").

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Defendants' motions to dismiss and for summary judgment are GRANTED. Plaintiff's Age Discrimination in Employment Act claim is DISMISSED WITH PREJUDICE. Plaintiff's Elliott-Larsen Civil Rights Act claim is DISMISSED WITHOUT PREJUDICE.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: February 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 16, 2012, using the ECF system.

                                                s/William Barkholz
                                                Case Manager